1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  JAMES F. CRUZ,                        )    Case No.: 1:14-cv-01631-AWI-SAB (PC)
                                          )
12                  Plaintiff,            )
                                          )    ORDER DISMISSING FIRST AMENDED
13          v.                            )    COMPLAINT, WITH LEAVE TO AMEND, FOR
                                          )    FAILURE TO STATE A COGNIZABLE CLAIM
14  PACIFIC ORTHOPEDIC MEDICAL            )    FOR RELIEF
                                          )
15  GROUPS, et al.,                       )    [ECF No. 10]
                                          )
16                  Defendants.           )
                                          )
17  _____      )

18          Plaintiff James F. Cruz is appearing pro se and in forma pauperis in this civil rights action

19  pursuant to 42 U.S.C. § 1983.

20          Now pending before the Court is Plaintiff's first amended complaint, filed January 28, 2015.

21                                        **I.**

22                          **SCREENING REQUIREMENT**

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

27  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

28

                                          1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Doctor Marshall Lewis as the sole Defendant. Plaintiff claims that he received "faulty" treatment and surgery on the wrong part of his ankle which caused pain. Plaintiff attaches and references a number of exhibits, including inmate grievance forms and medical documents, in support of his claim for relief. Plaintiff requests surgery to repair his ankle and monetary damages for the pain and suffering he has endured.

## III.

## DISCUSSION

### A.      Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

2

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-557.

Plaintiff's amended complaint fails to comply with Rule 8. Plaintiff merely attaches and references numerous exhibits as an attempt to set forth his claims for relief. Although Plaintiff references cruel and unusual punishment by providing inadequate medical treatment, Plaintiff has failed to set forth sufficient facts upon which he bases his claims against the individual defendants. If Plaintiff chooses to amend his complaint, Plaintiff must set forth what each defendant did or failed to do that led to the violation of his constitutional rights. As just mentioned, Plaintiff need not provide detailed factual allegations, however, he must provide sufficient factual information to determine if he states a plausible claim for relief.

Plaintiff is advised that the submission of evidence, by way of exhibits, is premature at this point in the proceedings as Plaintiff is only required to state a prima facie claim for relief via his factual allegations. Thus, in amending his complaint, Plaintiff need only state concisely the facts upon which he alleges a defendant has violated his constitutional rights. If Plaintiff feels compelled to submit exhibits with an amended complaint, he is advised that such exhibits must be attached to the amended pleading and must be incorporated by reference. Fed. R. Civ. P. 10(c). With regard to exhibits that are properly attached and incorporated, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated.

Further, if Plaintiff attaches exhibits to an amended complaint, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "see Exhibit A, page 3"). Finally, Plaintiff is advised that the Court must assume that Plaintiff's factual allegations are

1   true.  Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations

2   in a complaint.  The Court will provide Plaintiff with the legal standard that appears to apply to the

3   claim.

4        **B.**     **Deliberate Indifference to Serious Medical Need**

5        For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a

6   serious medical need by demonstrating that failure to treat [his] condition could result in further

7   significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's

8   response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.

9   2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown

10  by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b)

11  harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The

12  requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due

13  care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted);

14  Wilhelm, 680 F.3d at 1122.

15  **IV.**

16  **CONCLUSION AND ORDER**

17       For the reasons stated, Plaintiff's amended complaint fails to state a claim upon which relief

18  may be granted.  Plaintiff is granted one final opportunity to file an amended complaint within thirty

19  (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

20  nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

21  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

22       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

23  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

24  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

25  and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

26  constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as

27  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

28  . . ."  Twombly, 550 U.S. at 555 (citations omitted).

4

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

2.      Plaintiff's amended complaint, filed January 28, 2015, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 5, 2015**

_____
UNITED STATES MAGISTRATE JUDGE