UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES F. CRUZ,<br><br>                Plaintiff,<br><br>        v.<br><br>PACIFIC ORTHOPEDIC MEDICAL GROUPS, et al.,<br><br>                Defendants. | Case No.: 1:14-cv-01631-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 12] |

Plaintiff James F. Cruz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second amended complaint, filed February 23, 2015. (ECF No. 12.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

In the caption of the second amended complaint, Plaintiff names Pacific Orthopedic Medical, Doctor Marshall Lewis, California Department of Corrections and Rehabilitation Avenal State Prison, Warden Jones, and Does 1 through 25, as Defendants. However, in the body portion of the complaint, Plaintiff clarifies that Doctor Marshall Lewis is the *sole* Defendant in this action. (ECF No. 12, 2nd Amd. Compl. at 3.)

Plaintiff contends that he received faulty treatment and surgery on the wrong part of his ankle which caused pain. Plaintiff requests surgery to repair his ankle and monetary damages for pain and suffering.

# III.

# DISCUSSION

### A.     Deliberate Indifference to Serious Medical Need

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff fails to allege facts giving rise to a constitutional claim of deliberate indifference. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).  Furthermore, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).  Although Plaintiff contends that he received "faulty" treatment and surgery on the wrong ankle which caused pain, Plaintiff's allegations, at best, allege potential negligence on

3

the part of Doctor Marshall Lewis. However, Plaintiff's exhibits attached to the first amended complaint, ECF No. 10 (of which this Court takes judicial notice), negate any claim of deliberate indifference, and reveal that Plaintiff alleges nothing more than mere disagreement with the treatment he was provided.[1] In Inmate Appeal Log No. 12024104, Plaintiff alleges that "[i]n 2007, I was sent to Bakersfield for surgery on my 'left right front front' [sic] side of my left ankle. While in surgery the Doctor did surgery on my left front side of my left ankle instead of my left right front of my left ankle. He never corrected the problem. He instead created a new one. I am in constant pain, I am in pain throughout the day. They gave me pain medication "Aproxin" [sic] but it does not work. On a scale from 1 through 10 my pain is '10.'" Please correct the mistake that the Doctor did and do surgery on my left ankle, so that I do not have to [e]ndure this pain any longer." (ECF No. 10, Ex. C-7, dated April 9, 2012.) Plaintiff's inmate appeal, Log No. 12024104, was denied at the first level based on the following:

> PA Kelly documented left ankle with history of multiple surgeries. PA Kelly noted you had an MRI in 2007 which revealed moderate to severe arthritis with internal fixation screws in place to the medial malleolus. PA Kelly documented that you walk with a cane and that you have a moderate limp. PA Kelly advised you to increase your naproxen 500mg from 1 tablet twice a day with food and water. She documented that you already have a low bunk and a cane. You were advised to follow up for chronic left ankle pain in 3 months, sooner if needed. PA Kelly documented that you verbalized an understanding. Effective communication was easily reached despite listed TABE score of 3.5. It was noted that you stated you will continue with the appeal process. Your request for your ankle to be re-operated is denied as not medically warranted.

(ECF No. 10, Ex. C-12.)

The appeal was thereafter denied at the second level of review which stated:

> The Second Level Appeal, received on 5/18/2012, and a review of your appeal, Unit Health Record (UHR), electronic Unit Health Record (e-UHR), and relevant documents was conducted by the Chief Medical Executive's Office on May 30, 2012. You were seen by J. Kelly, PA-C, on April 23, 2012, PA Kelly documented that left ankle with

---

[1] In general the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to plaintiff. However where exhibits are attached to the complaint, the Court is not limited to the allegations contained in the complaint, and can consider the exhibits. Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991). Where the allegations in the complaint are refuted by the exhibits, the Court need not accept the allegations as true. Sprewell v. Golden State Warriors, 266 F.3d 979, 987 (9th Cir. 2001); Roth, 942 F.2d at 625 n.1.

> history of multiple surgeries.  An MRI was completed in 2007 which revealed moderate to severe arthritis with internal fixation screws in place to the medical malleolus.  PA Kelly documented that you already have a cane and low bunk.  You were advised to increase your naproxen 500 mg from 1 tablet daily to naproxen 500 mg 1 tablet twice daily.  You were advised to keep your follow up appointment.  There have been no changes in your eUHR since you were last seen on April 23, 2012 by PA Kelly.  The decision of denied remains at Second Level.

(ECF No. 10, Ex. C-16.)

At the third and final level of review, the appeal was also denied based on the following:

> Your appeal file and documents obtained from you Unit Health Record were reviewed by licensed clinical staff.  These records indicate:
>
> - You have received Primary Care Provided (PCP) evaluation and treatment to February 12, 2012, for your history of chronic left ankle pain.
>
> - You are recorded as functional within the prison environment and independent in your activities of daily living.
>
> - OTLA-HC contacted your medical care providers to discuss your case.  It appears you have already had three surgeries on your ankle.  The possibility of further surgery is being considered.  You received left ankle and foot x-rays on February 18, 2014.
>
> - Your medical care providers have described their concerns about the effectiveness and safety of more surgery, pain medications, and appliances.
>
> - You are being provided medical care and attention pursuant to the rules and regulations governing the management and delivery of medically necessary health care services to California Department of Corrections and Rehabilitation inmates.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> After review, no intervention at the Director's Level of Review is necessary as your medical condition has been evaluated and you are receiving treatment deemed medically necessary.

(ECF No. 10, Ex. C-26.)

Plaintiff cannot state a cognizable claim on the basis of the quality of treatment.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  <u>Snow v. McDaniel</u>, 681 F.3d at 987 (citing <u>Sanchez v. Vild</u>, 891 F.2d at

5

1  242); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90
2  F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors
3  chose was medically unacceptable under the circumstances and that the defendants chose this course
4  in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90
5  F.3d at 332) (internal quotation marks omitted).  As with Plaintiff's prior complaints, Plaintiff has
6  failed to provide any factual allegations which support a claim that Doctor Marshall Lewis acted with
7  deliberate indifference and purposely disregarded a substantial risk of serious harm to Plaintiff.   It is
8  apparent from the record before the Court that Plaintiff has been evaluated and treated, repeatedly, and
9  his mere disagreement with such medical decisions does not give rise to a constitutional violation.
10  Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical
11  need, and the complaint must be dismissed for failure to state a cognizable claim for relief.

### B.     Leave to Amend

Plaintiff was previously notified of the deficiencies in his claims and was given leave to amend on two prior occasions.  Yet, even after amendment, Plaintiff has presented the same deficiencies as previously dismissed and based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 2011); see also DCD  Programs, Ltd. V. Leighton, 833 F.2d 183, 188 (9th Cir. 1987)  (leave to amend may be denied where the proposed amendment "merely restates the same facts using different language, or reasserts a claim previously determined.") (quoting Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1244 (7th Cir. 1983).

### IV.

### RECOMMENDATION

Based on the foregoing, the Court finds that Plaintiff fails to state any claims upon which relief may be granted under section 1983.  Given the nature of Plaintiff's deficiencies at issue in light of the previous screening orders, further leave to amend will not be granted.  Askhtar v. Mesa, 698 F.3d 1202, 1212-1213 (9th Cir. 2012); Lopez, 203 F.3d at 1130-1131; Noll, 809 F.2d at 1448-1449.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 25, 2015**

UNITED STATES MAGISTRATE JUDGE